IN RE RAMÓN TORRES RODRÍGUEZ, Respondent.

No. 99.  Submitted February 25, 1960.—Decided June 30, 1960.

*Ramón Torres Rodríguez pro se* and *Benjamín Ortiz* for respondent.  *J. B. Fernández Badillo, Attorney General,* and *Arturo Estrella, Assistant Attorney General,* for The People.

ORDER

WHEREAS: The Attorney General of Puerto Rico filed a complaint against Ramón Torres Rodríguez, attorney-at-law, charging him with the following:

"1. That the respondent Ramón Torres Rodríguez is an attorney and was admitted to the bar by this Court on September 23, 1954, with his name appearing from that time up to the present in the register of lawyers.

2. That in the month of September 1958 the respondent discharged the position of Prosecuting Attorney of the Superior Court of Puerto Rico and rendered services in the Aguadilla Part.

3. That the complaint filed herein against Mr. Ramón Torres Rodríguez is based on the following charge:

A. During the hearing in the Superior Court, Aguadilla Part, of cases G-58–79 and G-80, *The People of Puerto Rico* v. *Miguel Maysonet López,* in which the latter was accused of having collided, on or about May 10, 1958, the automobile he was driving against the bicycle ridden by Emilio Valle Santiago, causing him injuries which brought about his death, the following incident occurred:

Mr. Veray: —In order to save time, since the Prosecuting Attorney is still in his turn of evidence, I asked him whether the bicycle involved in this accident was available; he said no; that the bicycle was at Isabela Police Headquarters and I ask Your Honor to order the transfer of that bicycle to this Court since we are going to present it in evidence.

Prosecuting Attorney Torres Rodríguez.—We wish to clarify that situation for the benefit of the jury and of the Court. That bicycle was transferred from Police Headquarters of Isabela to my office and since it is a rather large object and we have a warehouse for keeping those objects, it was put there; then yesterday, since this case was set for today, I tried to locate that bicycle because we believe that it is material to this case, and we were informed by Vidal, the janitor, that the former Judge of this Court, Willis Ramos, without consulting us and without asking us whether or not the case related to that bicycle was pending a hearing, gave it to a man named

Monserrate Valentín López, who called at our office with regard to this bicycle and I told him to bring it; he told me that the bicycle had been repaired and even then I insisted that he should bring it because I believed that the jury should see the bicycle. This man Monserrate Valentín lives in the Borinquen Ward of Aguadilla and when I called him to my office he informed me that he had repaired the bicycle and that it is not in the same condition that it was at the time of the accident.

Mr. Veray.—If it is not in the same condition, then we are not interested in seeing it.

Hon. Judge.—If it is not in the same condition then it would not throw any light on this case and would not be material to the case. Proceed then."

B. That on September 26, 1958 (the day after the closing of the hearing of the cases against Miguel Maysonet López) Ramón Torres Rodríguez, attorney-at-law and Prosecuting Attorney of the Aguadilla Part of the Superior Court, sent to the Hon. José C. Aponte, in his capacity as Special General Prosecuting Attorney and Head of the Division of Investigations and Criminal Cases of the Department of Justice, the letter which is copied below:

September 26, 1958

Hon. José C. Aponte
Special General Prosecuting Attorney
Division of Investigations and Criminal Cases
Department of Justice
San Juan, Puerto Rico

Dear colleague:

The trial against Miguel Maysonet López for Violation of Section 328 of the Penal Code and Violation of Section 444(a) of the Penal Code, as amended, was held in this Court during the 24th and 25th of the present month and year. The case was tried before a jury and the defendant was represented by Mr. José Veray, Jr.

Pursuant to the evidence which was presented by The People in this case, on May 10, 1958, the defendant Miguel Maysonet López, while driving a bus which he had stolen from Ramón González, caused it to collide with a bicycle ridden by Emilio Valle Santiago, who died as a result of said collision. The

bicycle ridden by the deceased Emilio Valle Santiago was brought to this office and stored in the evidence room of this Court.

The Hon. Judge of this Court, Willis Ramos Vázquez, without consulting the undersigned or checking with the secretary of this Court to see whether or not this case had been decided, gave said bicycle to Monserrate Valentín López, a resident of Borinquen Ward of Aguadilla, who repaired said bicycle and we were unable to use it on the day of trial since it was not in the same condition that it was at the time of the accident. During the trial Mr. José Veray, Jr., attorney for the defendant, urged the Court to order this Prosecuting Attorney to produce the said bicycle. To prevent the jury from interpreting the disappearance of that object as a concealment of evidence on the part of the Prosecution, we had to explain this situation in detail and insist on that, if possible, we would have presented it as evidence of The People and the defense would not have had to request it.

After a trial which lasted two days the defendant was acquitted by the jury for Violation of Section 328 of the Penal Code and convicted for the offense of Larceny of Use.

Cordially,

RAMÓN TORRES RODRÍGUEZ
Prosecuting Attorney.

C. That it is false that the Hon. Judge Willis Ramos Vázquez had given to Monserrate Valentín López the bicycle that was being stored as evidence for the cases pending against Miguel Maysonet López.

D. That the serious charge made by the respondent against the Hon. Judge Willis Ramos Vázquez, at the hearing of the cases against Miguel Maysonet López as well as in the letter that the respondent addressed to the Hon. José C. Aponte, was made by the respondent attorney without proof of its certainty and without being supported by competent evidence, said charge tending to degrade or impair the dignity, honorability and integrity of the Hon. Judge Willis Ramos Vázquez and to weaken the public trust in said officer, the conduct of the respondent being, upon so acting, unbecoming an attorney."

WHEREAS: This case having been referred to Mr. Rafael O. Fernández, so that in his capacity as Special Commis-

sioner he should proceed to hear and receive the evidence, duly certify it and submit it to this Court with his findings of fact, said Special Commissioner, after the usual proceedings and the proper hearing, certified all the oral and documentary evidence which was presented, and submitted his report where he finds proved the following facts:

"1. The respondent Ramón Torres Rodríguez is an attorney and was admitted to the bar by this Court on September 23, 1954, with his name appearing since then and up to the present time in the Register of Lawyers of Puerto Rico.

2. In the month of September 1958 the respondent acted as Prosecuting Attorney of the Superior Court of Puerto Rico and rendered services in the Aguadilla Part of said Court.

3. In relation to cases G-58–79 and G-58–80 of *The People of Puerto Rico* v. *Miguel Maysonet López,* for Larceny of Use and Violation of Section 328 of the Penal Code, the Superior Court, Aguadilla Part, received a "SCHWINN" bicycle on May 15, 1958 to be used as evidence in said cases.

4. Said bicycle was deposited in a room of the Superior Court building which formerly served as office for the Court Stenographer, but which later was used to store, among other things, physical objects which constituted pieces of evidence.

5. On or about May or June 1958 it was deemed advisable to establish a more adequate office for the Prosecuting Attorney in the building of the Superior Court, Aguadilla Part, wherefore it was considered to use the premises mentioned in the preceding Finding No. 4, where the said bicycle was deposited together with other pieces of evidence, including parts of other bicycles.

6. In relation to the cleaning of said premises, with a view to using them for the new office of the Prosecuting Attorney, it was considered to destroy any piece of evidence deposited therein and which bore relation to cases prior to 1948.

7. Monserrate Valentín López, master carpenter employed by the Department of Public Works of Puerto Rico, was the person in charge of the work for the proposed reforms in order to set up the new office for the Prosecuting Attorney.

8. Said Monserrate Valentín López spoke to Saturnino Blas Gómez, Assistant Marshal of the Superior Court, Aguadilla

Part, asking him if he could have the bicycle if they intended to throw them out, and said Assistant Marshal gave him permission to take them.

9. Said Monserrate Valentín López took the bicycles, including the "SCHWINN" bicycle which was deposited to serve as evidence in the afore-mentioned criminal cases G-58–79 and G-58–80 and reconstructed them into a single bicycle, thus destroying the original and authentic character of the afore-indicated "SCHWINN" bicycle.

10. On September 23, 1958, day before the date set for the hearing of the afore-indicated cases in the Superior Court of Aguadilla, the respondent took steps to obtain the bicycle in question, and was informed by Faustino Vidal Rosado, the janitor of the Court, that the Hon. Willis Ramos Vázquez, who was acting as Superior Judge in Aguadilla at the time mentioned in the preceding finding No. 5, had given the bicycles to Monserrate Valentín López. Said information was confirmed to the respondent by Pedro Benejam Camacho and Saturnino Blas Gómez, Assistant Marshals of the said Court.

11. On the morning of September 24, 1958 the respondent talked to Monserrate Valentín López and the latter told him that the Hon. Willis Ramos Vázquez had given him the bicycles.

12. Nicolasa Santiago, mother of the person with whose death Miguel Maysonet López was charged in the afore-mentioned case of violation of Section 328 of the Penal Code, had written to the Secretary of Justice of Puerto Rico on May 12, 1958, and to José C. Aponte, Special General Prosecuting Attorney, on May 24, 1958, requesting investigations concerning said case.

13. During the hearing in the Superior Court, Aguadilla Part, of cases G-58–79 and G-80, *The People of Puerto Rico* v. *Miguel Maysonet López,* in which the latter was accused of having collided, on or about May 10, 1958, the automobile he was driving against the bicycle ridden by Emilio Valle Santiago, causing him injuries which brought about his death, the following incident occurred:

'Attorney Veray: In order to save time, since Prosecuting Attorney is still in his turn of evidence, I asked him

whether the bicycle involved in this accident was available; he said no, that the bicycle was at Isabela Police Headquarters and I ask Your Honor to order the transfer of that bicycle to this Court since we are going to present it in evidence.

'Prosecuting Attorney Torres Rodríguez: We wish to clarify that situation for the benefit of the jury and of the Court. That bicycle was transferred from Police Headquarters of Isabela to my office, and since it is a rather large object and we have a warehouse for keeping those objects, it was put there; then yesterday, since this case was set for today, I tried to locate that bicycle because we believe that it is material to this case and we were informed by Vidal, the janitor, that the former Judge of this Court, Willis Ramos, without consulting us and without asking us whether or not the case related to that bicycle was pending a hearing, gave it to a man named Monserrate Valentín López, who called at our office with regard to this bicycle and I told him to bring it; he told me that the bicycle had been repaired and even then I insisted that he should bring it, because I believed that the jury should see the bicycle. This man Monserrate Valentín lives in the Borinquen Ward of Aguadilla, and when called to my office he informed me that he had repaired the bicycle and that it is not in the same condition that it was at the time of the accident.

'Attorney Veray: If it is not in the same condition, then we are not interested in seeing it.

'Hon. Judge: If it is not in the same condition then it would not throw any light on this case and would not be material to the case. Proceed then.'

14. On September 26, 1958 (the day after the closing of the hearing of the cases against Miguel Maysonet López) Ramón Torres Rodríguez, the attorney and Prosecuting Attorney of the Aguadilla Part of the Superior Court, sent to the Hon. José C. Aponte, in his capacity as Special General Prosecuting Attorney and Head of the Division of Investigations and Criminal Cases of the Department of Justice, the letter which is copied below:

September 26, 1958

Hon. José C. Aponte
Special General Prosecuting Attorney
Division of Investigations and Criminal Cases
Department of Justice
San Juan, Puerto Rico

Dear colleague:

The trial against Miguel Maysonet López for Violation of Section 328 of the Penal Code and Violation of Section 444(a) of the Penal Code, as amended, was held in this Court during the 24th and 25th of the present month and year. The case was tried before a jury and the defendant was represented by Mr. José Veray, Jr.

Pursuant to the evidence which was presented by The People in this case, on May 10, 1958 the defendant Miguel Maysonet López, while driving a bus which he had stolen from Ramón González, caused it to collide with a bicycle ridden by Emilio Valle Santiago, who died as a result of said collision. The bicycle ridden by the deceased Emilio Valle Santiago was brought to this office and stored in the evidence room of this Court.

The Hon. Judge of this Court, Willis Ramos Vázquez, without consulting the undersigned or checking with the secretary of this Court to see whether or not this case had been decided, gave said bicycle to Monserrate Valentín López, a resident of Borinquen Ward of Aguadilla, who repaired said bicycle, and we were unable to use it on the day of trial since it was not in the same condition that it was at the time of the accident. During the trial Mr. José Veray, Jr., attorney for the defendant, urged the Court to order this Prosecuting Attorney to produce the said bicycle. To prevent the jury from interpreting the disappearance of that object as a concealment of evidence by the Prosecution, we had to explain this situation in detail and insist that if possible we would have presented it as evidence of The People and the defense would not have had to request it.

After the trial which lasted two days the defendant was acquitted by the jury for Violation of Section 328 of the Penal Code and convicted for the offense of Larceny of Use.

Cordially,

RAMÓN TORRES RODRÍGUEZ
Prosecuting Attorney.

15. The Hon. Willis Ramos Vázquez did not give the afore-mentioned bicycles to Monserrate Valentín López or to anyone else, nor gave his consent so that the "SCHWINN" bicycle related to the afore-indicated criminal cases be destroyed or disposed of in any other way.

16. The respondent made the said statements in the preceding finding No. 13 and wrote the letter copied in the preceding finding No. 14 under the bona fide belief that the information that he received from the janitor, Faustino Vidal Rosado, from the Assistant Marshals Pedro Benejam Camacho and Saturnino Blas Gómez, and from Monserrate Valentín López, was true.

17. In making the statements copied in the preceding finding No. 13 and upon writing the letter mentioned in the preceding finding No. 14, the respondent did not have the deliberate intention to degrade or impair the dignity, honorability or integrity of Judge Willis Ramos Vázquez, nor to weaken the public trust in said officer.

18. The action of the respondent in making the statements in the preceding finding No. 13 and writing the letter copied in finding No. 14, in such a way that they could perhaps be considered prejudicial to the Hon. Willis Ramos Vázquez, were not due to a deliberate purpose on the part of the respondent, but rather to his lack of experience and overzeal in the discharge of his duties."

WHEREAS: The petitioner has reported that he has no objections to the findings of the Special Commissioner and the respondent has submitted the following objections thereto:

"That the respondent, Ramón Torres Rodríguez, without challenging the findings in themselves Nos. 8, 15 and 18 which appear in the report submitted by the Special Commissioner to this Hon. Court, respectfully requests that they be enhanced in the following manner:

(A) That the following be added to conclusion No. 8: The respondent Ramón Torres Rodríguez never had knowledge that it was the Assistant Marshal, Saturnino Blas Gómez, who gave permission to Monserrate Valentín López to take the said bicycles.

(B) That the following be added to conclusion No. 15: The sole and constant information and knowledge which was always considered by the respondent Ramón Torres Rodríguez through the persons mentioned in finding No. 16, was to the effect that Judge Willis Ramos Vázquez gave the bicycle to Monserrate Valentín López.

(C) That the phrase *'but rather due to his lack of experience,'* be eliminated from finding No. 18, since pursuant to findings Nos. 10, 11 and 16, the respondent, Ramón Torres Rodríguez, had reasonable and well-grounded motives to make the statements appearing in finding No. 13 and to write the letter that is copied in finding No. 14, for which reason a public officer with sufficient experience and with the information given to the respondent would have acted exactly as the latter did in this case."

WHEREAS: After examining the oral and documentary evidence considered by the Special Commissioner the said objections of the respondent are dismissed.

WHEREAS: After considering all the circumstances of the case, this Court believes that respondent's conduct in the incident mentioned in the complaint does not warrant disciplinary measures, especially in view of findings Nos. 16, 17 and 18 set forth in the Special Commissioner's report.

THEREFORE: This Court decides that the complaint involved in this proceeding should be dismissed, as it is hereby dismissed.

Mr. Justice Belaval did not participate.

Mr. Justice Santana Becerra upon exonerating the respondent states that in his opinion the Special Commissioner's finding that the respondent's actions were due to lack of experience is not warranted by the evidence and the attendant circumstances.